149 F.3d 1188
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sammy SHARP, Appellant,
v.
Kenneth S. APFEL, Commissioner of Social Security, Appellee.
 No. 97-3753.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 13, 1998.
Filed: May 19, 1998.
 
 Appeal from the United States District Court for the Western District of Arkansas.
 Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 On November 18, 1993, Sammy Sharp filed an application for supplemental security income benefits and disability insurance benefits under the Social Security Act. Sharp alleged disability due to diabetes, chronic dermatitis, and weak spells, with an onset date of April 1, 1993. His application was denied initially and upon reconsideration. Following a hearing, the Administrative Law Judge (ALJ) found that Sharp was disabled as of March 1, 1995, but that he was not disabled prior to that date. After the Appeals Council denied Sharp's request for review, the ALJ's decision became the final determination of the Commissioner. Sharp appealed the Commissioner's decision to the district court,[1] seeking an earlier onset date. The district court granted summary judgment in favor of the Commissioner.
 
 
 2
 After a careful review of the administrative record, we conclude that substantial evidence supports the Commissioner's determination that Sharp was not disabled prior to March 1, 1995. Because an extended opinion would serve no precedential value, we affirm for the reasons set forth in the district court's memorandum opinion. See 8th Cir. R. 47B.
 
 
 3
 A true copy.
 
 Attest:
 
 
 [1]
 The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)